IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Meeks,<br><br>    Petitioner,<br><br>vs.<br><br>Conrad M Graber,<br><br>    Respondent. | No. cv-10-071-TUC-RCC (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Robert Meeks ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Safford, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241 ("Habeas Petition"). (Docs. 10, 12). In the Habeas Petition, Petitioner seeks a sentence reduction. He argues that based on a recent Supreme Court case, he is actually innocent of violating one of the crimes for which he was convicted. *See Johnson v. United States*, 130 S. Ct. 1265 (2010). Respondent contests the Habeas Petition arguing Petitioner inappropriately filed his claim as a § 2241 habeas petition when he should have filed it as a § 2255 habeas petition. (Doc. 17). In his Habeas Petition and reply, Petitioner contends his Habeas Petition is properly filed under § 2241 per the savings clause of § 2255(e). (Docs. 10, 12, 21).

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was convicted in the Northern District of Illinois for Conspiracy/Attempt to Commit Robbery in violation of 18 U.S.C. § 1951, Distribution of Heroin in violation of 21 U.S.C. § 841(a), Conspiracy to Deprive the Civil Rights of Others in violation of 18 U.S.C. § 241, and two counts of Use of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). (Doc. 17-1, Attachment 2, pp. 8-10).[1] The first three counts were ordered to run concurrently. The trial judge ordered the two § 924(c) counts to run consecutive to the other counts and each other. (Doc. 17-1, Attachment 2, pp. 8-10). The § 924(c) counts increased Petitioner's sentence for conspiracy/attempt to commit robbery and conspiracy to deprive civil rights as the trial judge predetermined that these two crimes could be defined as "crimes of violence" under § 924(c). *United States v. Meachum*, 1999 WL 511431, *1 (7th Cir. July 15, 1999).

The first § 924(c) count was ordered to carry a 60-month sentence to run consecutive to the first count. (Doc. 17-1, Attachment 2, p. 9). The second § 924(c) count was ordered to carry a 240-month sentence to run consecutive to the fourth count. (Doc. 17-1, Attachment 2, p. 10). This second count is the one Petitioner disputes in the pending Habeas Petition. In sum, Petitioner was sentenced to a 435-month period of incarceration. (Doc. 17-1, Attachment 2, p. 10). As of May 2010, Petitioner had 230 months remaining on his sentence. (Doc. 17-1, Attachment 2, p. 8). He is projected to complete his sentence on December 14, 2028, assuming he earns all available Good Conduct Time. (Doc. 17-1, Attachment 2, p. 8).

Petitioner, a civilian, was convicted for crimes he committed with three Chicago police officers. *United States v. Meachum*, 182 F.3d 923, * 1 (7th Cir. July 15, 1999) (unpublished). Petitioner and his three co-defendants set-up and executed drug rip-offs.

---

[1] The Magistrate Judge cites to the pagination of the Court's case management and electronic case filing system ("CM/ECF").

Petitioner would call drug dealers to set up the drug transactions. *Id*. Petitioner's three co-defendants would then meet the drug dealers and rob them of cash and drugs. *Id*. After Petitioner was found guilty, he appealed his convictions and sentences.

As part of his direct appeal, Petitioner argued the trial court erred in determining his violations of 18 U.S.C. § 1951 conspiracy/attempt to commit robbery and 18 U.S.C. § 241 conspiracy to deprive civil rights constituted "crimes of violence" under § 924(c).[2] Petitioner argued the jury, not the judge, should have determined whether these two crimes were "crimes of violence" under § 924(c). The Seventh Circuit disagreed with Petitioner. It reasoned that whether an offense is a "crime of violence" under § 924(c) is a question of law that can be suitably decided by the trial judge.

Petitioner next filed his first writ for habeas corpus pursuant to 28 U.S.C. § 2255. *Meeks v. United States*, 2003 WL 1989653, *1 (N.D. Ill. Apr. 30, 2003). In the § 2255 Habeas Petition, Petitioner recapitulated many of his arguments raised on direct appeal. The District Court denied Petitioner relief. Petitioner appealed the decision to the Seventh Circuit, which affirmed the denial of relief. *Meeks v. United States*, 105 F. App'x. 834, 836 (7th Cir.2004). The U.S. Supreme Court denied certiorari. *Meeks v. United States*, 546 U.S. 878 (2005).

On February 3, 2010, Petitioner filed a second writ for habeas corpus. (Doc. 1). Petitioner filed this Habeas Petition under 28 U.S.C. § 2241 and he filed it in this district as Petitioner is currently incarcerated in Safford, Arizona. Prior to the Government responding to the Habeas Petition, Petitioner filed an Amended Petition. (Docs. 10, 12). The Court accepted the Amended Petition and required the Government to answer it.[3]

---

[2] In a jury instruction, the trial judge told the jury "<u>if</u> they found that defendants violated §§ 241 or 1951, and if they found that firearms were used during and in relation to these crimes, then they should understand that §§ 241 and 1951 are 'crimes of violence.'" *Id*. at 1 (emphasis in original).

[3] The Magistrate Judge notes that on the same day he issued the order requiring

- 3 -

(Doc. 15). The Government answered the Amended Petition and Petitioner filed two Traverses.[4] (Docs. 17, 20, 21). Subsequent to the two traverses, Petitioner filed five motions to supplement new case law, one motion for an emergency bond hearing and one motion to expedite ruling. (Docs. 24, 25, 26, 29, 30, 31). The Magistrate Judge will address these motions in a separate order. The Magistrate Judge will now address whether Petitioner properly filed his claim with this Court as a § 2241 habeas petition and therefore, whether this Court has jurisdiction to adjudicate the merits of Petitioner's claim.

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

A federal prisoner is generally required to exhaust his federal administrative remedies before filing a habeas petition. *See e.g. Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991). This rule, however, is intended to apply when a § 2241 petition is challenging the execution of a prison sentence. The exhaustion requirement is also judicially created and not a statutory requirement. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds, Reno v. Koray*, 515 U.S. 50 (1995). While Respondent argues Petitioner has failed to exhaust his administrative remedies on this habeas claim, Respondent also concedes that the Bureau of Prisons could not remedy Petitioner's claim. Thus, requiring Petitioner to exhaust any administrative remedies would be futile. The Court will not dismiss the Habeas Petition for failure to exhaust administrative remedies.

---

the Government to respond to the Amended Petition, the Government filed its response to the original habeas petition. As Petitioner filed his Amended Petition before the Government responded to the original one and the Court accepted the Amended Petition, the original habeas petition and the Government's response to it are superseded by the subsequent Amended Petition and Answer to the Amended Petition.

[4] The Magistrate Judge notes Petitioner filed two traverses that make the same arguments, organized differently. The Court has reviewed both documents in reaching a decision.

**B. Jurisdiction**

In its Answer, Respondent asserts this Court lacks jurisdiction to rule on the merits of Petitioner's § 2241 claim as Petitioner should have filed this claim pursuant to § 2255 in the Northern District of Illinois, where he was convicted. Petitioner argues he properly filed his claim pursuant to § 2241 in this District as the remedy provided by § 2255 is "inadequate or ineffective" to test his claim of "actual innocence" based on *Johnson v. United States*, 130 S. Ct. 1265 (2010).

A federal prisoner challenging the legality of a sentence must generally do so by motion raised in the sentencing court pursuant to 28 U.S.C. § 2255. *See Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir.2008). A prisoner who wishes to challenge the manner, location, or conditions of a sentence's execution must bring a petition pursuant to 28 U.S.C. § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). An exception to these general rules is created by § 2255(e), also known as the "savings clause" or "escape hatch." The savings clause permits a federal prisoner to file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

*i. The Savings Clause*

The savings clause is a narrow doctrine to be used in extremely limited circumstances. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997); *Holland v. Pontesso*, 234 F.3d 1277 (9th Cir.2000) (A violation of the § 2255 statute of limitations does not make § 2255 inadequate or ineffective); *Aronson v. May*, 85 S. Ct. 3 (1964) (a prior denial of a § 2255 motion is insufficient to qualify for savings clause); *Tripati v. Henman*, 843 F.2d 1160, 1162-1163 (9th Cir.1988) (a § 2255 petition is not inadequate or ineffective because of alleged judicial bias). Petitioner has the burden of persuading the Court that a § 2255 petition is inadequate or ineffective. *Redfield v. United States*, 315

F.2d 76, 83 (9th Cir.1963).

The savings clause applies "where a petitioner (1) makes a claim of actual innocence and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir.2006). To establish actual innocence, "a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (*citing Bousley v. United States*, 523 U.S. 614 (1998)). When determining whether a petitioner has not had an "unobstructed procedural shot," courts consider "(1) whether the legal basis for the petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first §2255 motion." *Harrison*, 519 F.3d at 960.

Further, a petitioner also must not be able to meet the gatekeeping provisions of § 2255(h) that would allow the petitioner to bring a second and successive § 2255 motion. 28 U.S.C. 2255(h); *see Stephens*, 464 F.3d at 898. The gatekeeping provision does not allow a petitioner to bring a second § 2255 motion unless there is newly discovered evidence that is clear and convincing evidence to a reasonable factfinder that the petitioner is not guilty or there is a new rule of constitutional law. 28 U.S.C. 2255(h).

*ii. Analysis*

The Magistrate Judge recommends the District Court deny the Habeas Petition for lack of jurisdiction as Petitioner has not made a sufficient showing of actual innocence and Petitioner has not shown he lacked an unobstructed procedural shot at presenting this claim as the law has not changed in any relevant way to Petitioner's claim.

Petitioner is challenging one of his convictions under 18 U.S.C. § 924(c). Subsection 924(c) imposes an additional penalty on a person who is convicted of using or carrying a firearm during or in relation to a crime of violence or possessing a firearm in furtherance of a crime of violence. In Petitioner's case, prior to jury deliberation, the trial

judge determined two of Petitioner's charges including conspiracy/attempt to commit robbery in violation of 18 U.S.C. § 1951 and conspiracy to deprive civil rights of others in violation of 21 U.S.C. § 241 were crimes of violence under § 924(c). Thus, the trial judge instructed the jury that if they found Petitioner committed these crimes and if they found Petitioner used or carried a firearm, they must find Petitioner guilty of twice violating § 924(c).

The jury did find Petitioner committed the crimes identified by the trial judge as crimes of violence and they did find he used or carried a firearm. Thus, they found Petitioner was also guilty of the two § 924(c) counts. Petitioner received an additional 300 months of incarceration for the two 18 U.S.C. § 924(c) violations.

In the pending Habeas Petition, Petitioner argues he is actually innocent of violating § 924(c) for his conviction of conspiracy to deprive civil rights of others in violation of 21 U.S.C. § 241. Petitioner argues the recent Supreme Court case of *United States v. Johnson*, 130 S. Ct. 1265 (2010), is a new substantive rule that invalidates his § 924(c) conviction for his § 241 crime. He contends his violation of § 241 cannot be a "crime of violence" under § 924(c) because the Government did not prove he used or attempted to use violent physical force to commit this crime. This Court disagrees.[5] Violent physical force, used or attempted, is not a required element to violate § 924(c).

As a threshold matter, Petitioner previously brought claims in a direct appeal and a § 2255 appeal that were denied by the trial court, the Seventh Circuit and, with regard to his § 2255 habeas petition, the United States Supreme Court. Neither party in this current Habeas Petition argues Petitioner satisfies the gatekeeping provisions in § 2255(h).

---

[5] The Magistrate Judge notes *if Johnson* was applicable to this Habeas Petition, the Court would have to determine whether *Johnson* was retroactive. *Teague v. Lane*, 489 U.S. 288 (1989), *United States v. Montalvo*, 331 F.3d 1052 (9th Cir.2003). As the Court finds Petitioner's reliance on *Johnson* is misplaced, the Magistrate Judge will not address retroactivity.

Petitioner does not assert any newly discovered evidence in this case nor does Petitioner argue *Johnson* is a new *constitutional* rule. Thus, it appears Petitioner could not file a successive § 2255 habeas petition to pursue this claim.

Petitioner, however, also cannot show he is entitled to have this Court rule on the merits of his § 2241 Habeas Petition. Petitioner fails to show that he is actually innocent of violating § 924(c), nor can he show that he has been denied an unobstructed procedural shot to bring his claim. Petitioner's reliance on *Johnson* is misplaced; *Johnson* did not address whether violating § 241 is a crime of violence under § 924(c). In fact, *Johnson* does not address §§ 241 or 924(c).

*Johnson* interpreted § 924(e), not § 924(c). *Johnson* held a defendant's prior battery conviction under Florida law was not a "violent felony" under § 924(e)(1) as the Florida offense did not require the use of physical force that was "violent force." *Johnson*, 130 S. Ct. at 1270-1271. The *Johnson* court noted that the Florida battery law could be satisfied by any physical contact regardless of whether it had physical or violent force. It held the term "violent felony" under § 924(e) requires the use, attempted use, or threatened use of a "violent force" capable of causing physical pain or injury to another person. *Id.* at 1271. The elements of the Florida battery statute could conceivably punish behavior that did not involve the violent force necessary to satisfy § 924(e). Thus, the Florida battery statute could not be categorically characterized as a violation of § 924(e).

In reaching its conclusion, the *Johnson* court referenced another Supreme Court case in which it interpreted the term "crime of violence." *Id.* at 1270-1271. In *Leocal v. Ashcroft*, the Supreme Court found "crime of violence" within 18 U.S.C. § 16 "suggests a category of violent, active crimes…" 543 U.S. 1, 11 (2004). As discussed in *Leocal*, the definition of "crime of violence" in § 16 is "a general definition of the term 'crime of violence' to be used throughout [the Comprehensive Crime Control Act of 1984]." *Id.* at 6-7. Subsection 924(c), under which Petitioner was convicted, uses the same definition of

"crime of violence" as used in subsection 16. *See* 18 U.S.C. § 924(c)(3) Finding the provision of § 924(e) as "very similar" to the provision of § 16, the *Johnson* court relied on its analysis in *Leocal* to find violent force was needed to satisfy § 924(e).

This analysis in *Johnson* is inapposite as to whether Petitioner's crime of conspiracy to deprive the civil rights of others in violation of 18 U.S.C. § 241 was a "crime of violence" within the meaning of § 924(c). Petitioner contends § 924(c) requires an element of violent physical force – similar to § 924(e). He argues the trial judge did not require physical force or attempted physical force to be proven for his conviction and he is, therefore, innocent of the § 924(c) conviction for his violation of § 241. Petitioner is incorrect.

Under 18 U.S.C. § 924(c)(3) a crime of violence means "an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." (emphasis added). Subsection 924(e), which is interpreted in *Johnson*, does not have part B of the definition. *See* 18 U.S.C. § 924(e)(2)(B). In contrast to "violent felony" per § 924(e), the term "crime of violence" under § 924(c) can be satisfied either by threatened physical force or by activity that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). A violent felony under § 924(e) is only satisfied by actual or threatened physical force.

The *Johnson* court concluded the Florida statute did not categorically violate § 924(e) because the Florida statute did not require violent physical force be used in committing the battery. *Johnson*, 130 S. Ct. at 1270-1271. There is no such requirement for a violation of § 924(c). Further, the *Johnson* court explicitly limited its holding. It stated that it was interpreting the term "physical force" in the context of the statutory

- 9 -

definition of "violent felony" pursuant to § 924(e). *Id*. at 1273.

*Johnson's* holding does not affect the present case and is not a relevant substantive rule. Petitioner was found guilty of participating in a conspiracy to rob drug dealers of drugs and money. The conspiracy had a substantial risk that physical force would be used against the drug dealers or their property. The elements of § 241 categorically describe behavior that is a crime of violence under § 924(c). *Johnson*, interpreting the type of physical force required to violate § 924(e), is not a change of law that affects Petitioner's conviction under § 924(c). Petitioner has not made a sufficient showing that he is actually innocent of violating § 924(c) for his conviction of conspiracy to deprive civil rights of others in violation of § 241, nor has Petitioner shown he has been denied an unobstructed procedural shot to bring this claim as Petitioner has failed to show a relevant change of law.

Supportive of this Court's conclusion, other jurisdictions have explicitly held that a § 241 violation is categorically a violation of § 924(c). *See United States v. Acosta*, 470 F.3d 132, 137 (2nd Cir.2006) (holding that the Second Circuit joins the Fifth Circuit in concluding § 241 is a crime of violence for the purposes of § 924(c)). In *Acosta*, police officers were found guilty of violating § 241 and convicted of § 924(c). *Id*. The defendants in *Acosta* had participated in a conspiracy to use armed force to steal drugs from suspected drug dealers. *Id*. at 134. The fact pattern is very similar to the present case. The *Acosta* court found that "[a]t a minimum, the conspiracy created a substantial risk that violence would be used to achieve its purposes." *Id*. at 137.

### III. RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review, DENY Petitioner's Amended Petition for Writ of Habeas Corpus for lack of jurisdiction. (Docs. 10, 12).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

- 10 -

within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: cv-10-071-TUC-RCC.

The Clerk of the Court shall mail a copy of this Report and Recommendation to Petitioner.

Dated this 30th day of August, 2011.

*/s/ Charles R. Pyle*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE